Michael R. Wright, Esq. Chief Assistant County Attorney, Broome
You ask whether a county is authorized under Highway Law, § 115-b
to abandon to a village an unused portion of a county road, which is located outside the village.
Local governments have only those powers over streets and highways as the Legislature by statute has conferred upon them (1961 Op Atty Gen [Inf] 70, citing Hofstra College v Board of Trustees of the Village ofHempstead, 145 N.Y.S.2d 323 [Sup Ct, Nassau Co, 1955], affd 3 A.D.2d 712
[2d Dept, 1957]; People v Grant, 306 N.Y. 258 [1954]; City of New York vRice, 198 N.Y. 124 [1910]). In a previous opinion of this office, we stated that, absent an authorization by the State Legislature, there is no authority for the abandonment of a county highway (1968 Op Atty Gen [Inf] 93).
Highway Law, § 115-b, while not expressly applicable to the abandonment of an unused portion of a county road, provides for the removal of a road from the county road system and for the reversion of such road to the town, village or city "wherein said road or part of said road is situated". Upon such reversion, the duty of maintaining the road devolves upon the town, village or city, as the case may be (Highway Law, § 115-b). We find no authority under section 115-b for the abandonment or reversion of an unused county road or portion thereof to a village, where such road or portion is not physically within the boundaries of the village (ibid.).
Nor are we aware of any other provision of law under which this could be accomplished. Highway Law, §§ 115-a and 118-a, pertaining to the abandonment of unused portions of town highways on the county road system and the abandonment of unused portions of an improved county road to adjacent landowners, respectively, are inapplicable to the factual situation at hand.
We conclude that there is no authority for the abandonment or reversion of an unused county road or portion thereof to a village where such road or portion is located outside the village.